**CINEMA PATENTS CO., Inc., v. DUPLEX MOTION PICTURE INDUSTRIES, Inc., et al.**
No. 373.

Circuit Court of Appeals, Second Circuit.
Sept. 12, 1933.

chine differs from the patented structure are adequately shown in Judge Campbell's opinion and need not be again detailed.

On the ground that none of the claims in suit was infringed, the decree is affirmed.

Kiddle, Margeson & Hornidge, of New York City (Henry T. Hornidge, William J. Dowd, and Herbert A. Huebner, all of New York City, of counsel), for appellant.

Samuel E. Darby, Jr., of New York City, for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

■■ This is a companion suit to Cinema Patents Company, Inc., v. Warner Brothers Pictures, Inc. (C. C. A.) 66 F.(2d) 744, this day decided. The defendant corporation manufactured and sold machines for processing motion picture film. Prior to 1925 or 1926 it manufactured a form of apparatus substantially similar to the Warner machine. The film was fed straight through, as distinguished from the transverse spiral travel of the Gaumont patents, and the emulsion surface was not kept outermost, injury to the emulsion side being avoided by the use of recessed sprockets and rollers. Claim 2 of patent No. 1,177,697 and claims 12, 14, 16, and 17 of patent No. 1,209,696 are charged to be infringed by this type of Duplex machine. We have held that the Warner machine did not infringe these claims. For the same reasons, which need not be here repeated, the Duplex machines of this type did not.

In 1929 the Duplex corporation built and sold a second type of machine, which is alleged to infringe claims 2 and 8 to 12 of the first patent, and claims 12, 14, 16, and 17 of the second patent. This later type differed from the earlier in that the film does travel in a spiral path. Its path, however, is not transverse to the longitudinal axis of the machine, but along that axis; nor are the instrumentalities by which it is advanced the same as in the Gaumont patents. The idea of driving a film spirally in order to keep its emulsion face out of contact with the supporting rolls was not new with Gaumont. It is shown in the patents to Hearson and Thompson. If the patents in suit are to be sustained as valid, we agree with the court below that they must be limited to the specific instrumentalities shown and described. The respects in which the later Duplex ma-